**BLUMENTHAL, NORDREHAUG & BHOWMIK**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WIETZKE, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>COSTAR REALTY INFORMATION, INC., a Maryland Corporation, and Does 1 to 10,<br><br><br>                Defendants. | CASE No. **09-cv-2743 MMA (WVG)**<br><br><u>FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT</u> FOR:<br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *et seq.*;<br>2. FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE §§ 510, 515.5, 551, 552, 1194 AND 1198, *et seq.*;<br>3. FAILURE TO PROVIDE MEAL AND REST PERIODS IN VIOLATION OF CAL. LAB. CODE § 226.7 AND 512;<br>4.  FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>5.  FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. § 201, *et seq.*; and,<br>6.  PRIVATE ATTORNEY GENERAL ACT CLAIM UNDER LABOR CODE §2698, *et seq.*<br><br>DEMAND FOR A JURY TRIAL |

Plaintiff Matthew Wietzke, on behalf of himself and all other similarly situated current and former employees, alleges on information and belief, except for his own acts and knowledge which are alleged based on personal knowledge, the following:

## **THE PARTIES**

1.      Costar Realty Information, Inc., (hereinafter referred to as "DEFENDANT" or "CoStar") purports to be the number one provider of information, marketing and analytic services to commercial real estate professionals in the United States as well as the United Kingdom.  CoStar offers online access to a comprehensive database of commercial real estate information, including space available for lease, comparable sales information, tenant information, properties for sale, property information for clients' web sites, industry professional directory, analytic information, data integration, property advertising and industry news, for properties throughout the United States.

2.      CoStar was founded in 1987 and is headquartered in Bethesda, Maryland. Costar has approximately 1,400 employees worldwide and purports to have the largest professional research organization in the industry.  The revenues for CoStar are approximately $200 million annually, and Forbes reports that CoStar has $213 million in cash.

3.      As part of the database of commercial real estate information, CoStar employs a fleet of employees whose primary job duties are to gather the commercial real estate information and input the information into the database.  During the period applicable to this action, CoStar referred to these employees initially as "Research Analysts," and currently as "Research Associates."  CoStar also attaches descriptors such as "senior" or numbers such as "I" or "II" to the titles job to indicate seniority, however, all such employees, regardless of the additional descriptor perform the same primary job duties.  Collectively, employees of CoStar with the job titles of "Research Analyst" and "Research Associate", without the senior, I, or II descriptor, are referred to in this Complaint as "Research Associates."  CoStar classifies these Research Associate employees as exempt, full-time employees who are

compensated by salary plus incentives.  The qualification for the Research Associate position is either professional work experience or a college degree.

4.     The primary job duty of Research Associates is to enter information into the CoStar commercial real estate database by regularly interviewing commercial real estate professionals to ensure that CoStar's database accurately reflects their listings, inventory, and recent deals.  Research Associates tasks consist of database entry of commercial real estate inventory, for lease and for sale listings, lease comps, sale comps, and tenant data, conducting twenty or more phone interviews per day of a portfolio of companies, to ensure all their listings (for sale and for lease) are accurately reflected in the CoStar database, enter transaction information from portfolio- new listings, new sales comps, new lease deals, perform sales leads from outside sources to obtain new transactions and contacts, product sales, and customer service.  As such, the work of the Research Associate falls squarely on the production side of the administrative/production dichotomy.  These tasks are performed according to strict company guidelines which require the use of telephone scripts and standardized entry.  CoStar admits that the Research Associates are required to work in a "fast-paced work environment."

5.     Plaintiff Matthew Wietzke ("PLAINTIFF") was employed by DEFENDANT in San Diego, California as a Research Analyst, which title was changed company wide to a Research Associate, from October of 2002 until May 2009.  PLAINTIFF generally worked weekdays from 7:00 a.m. to 5:00 p.m., without a break for an off-duty lunch, resulting in two (2) hours of overtime work per day (ten (10) hours of overtime per workweek). PLAINTIFF did not receive overtime compensation for this overtime work.

6.     The position of Research Associate was represented by DEFENDANT to PLAINTIFF and the other Research Associates as an exempt and full-time position compensated on a salary basis with bonus incentives.

7.     For the DEFENDANT, PLAINTIFF and the other Research Associates functioned as working members on the DEFENDANT'S commercial database staff.  As defined by DEFENDANT's comprehensive corporate policies and procedures, the primary

job duties of PLAINTIFF and the other Research Associates employed by Costar were and are to gather the commercial real estate information and input the information into the database.  DEFENDANT has established specific procedures and protocols for standardized entry of information and standardized scripts for gathering information.  These centralized rules mirror the realities of the workplace evidencing a uniformity of work among the Research Associate and negate any exercise of independent judgment and discretion.

8.     The work schedule for Research Associates was set by DEFENDANT. Generally, PLAINTIFF and the other Research Associates work five (5) to ten (10) hours of overtime each week, although the schedule and amount of overtime worked varied based upon the needs of DEFENDANT,  the instructions of DEFENDANT's management, and the productivity requirements for the Research Associates.  As a result of their rigorous work schedule and the demands of the position, PLAINTIFF and the other Research Associates were also often unable to take meal or rest breaks, and usually worked at their desk through lunch in order.  PLAINTIFF and the other Research Associates were not provided with overtime compensation, compensation for missed meal and rest breaks, and other benefits required by law as a result of being classified as "exempt" by DEFENDANT.

9.     PLAINTIFF brings this class action on behalf of themselves and a California Class consisting of all individuals who are or previously were employed either by DEFENDANT as an Research Associate in California (the "CALIFORNIA CLASS") during the period beginning on the date four years before the filing of this complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

10.     As a matter of company policy, practice, and procedure, DEFENDANT has unlawfully, unfairly and/or deceptively classified every Research Associate as exempt based on job title alone, failed to pay the required overtime compensation and otherwise failed to comply with all applicable labor laws with respect to these Research Associate employees.

11.     The Defendants named in this Complaint, including Does 1 through 10, inclusive, are, and at all times mentioned herein were, the agents, servants, and/or employees of the DEFENDANT and that each of these defendants were acting within the course of

scope of his, her or its authority as the agent, servant and/or employee of each of the DEFENDANT, and personally participated in the conduct alleged herein and/or controlled the DEFENDANT with respect to the conduct alleged herein.  Consequently, all the defendants are jointly and severally liable to the PLAINTIFF and the other members of the CALIFORNIA CLASS, for the losses sustained as a proximate result of DEFENDANT's conduct.

## THE CONDUCT

The Unlawful, Unfair, and/or Deceptive Failure to Have in Place a Company-Wide Policy, Practice and Procedure to Correctly Determine Whether PLAINTIFF and the members of the CALIFORNIA CLASS were Properly Classified as Exempt and Failing to Pay Overtime Wages for Overtime Hours Worked

12. The primary duties required of the Research Associate as defined by DEFENDANT are executed by the Research Associates through the performance of non-exempt labor within a defined skill set based using CoStar's standardized training and procedures.

13. Although PLAINTIFF and the Research Associates primarily performed the non-exempt labor described herein above as set forth by the DEFENDANT in the company's comprehensive and uniform corporate policies and procedures, DEFENDANT instituted a blanket classification policy, practice and/or procedure by which these employees were all classified as exempt from overtime compensation.  By reason of this uniform exemption practice, policy and procedure applicable to PLAINTIFF and all other Research Associates who performed this non-exempt labor, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a company-wide policy, practice and procedure which failed to properly classify PLAINTIFF and the other Research Associates and failed to pay them overtime wages for overtime hours worked.  The proper classification of these employees is the DEFENDANT'S burden.  As a result of DEFENDANT'S

intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the Fair Labor Standards Act and the California Labor Code and regulations promulgated thereunder as herein alleged.

14.     DEFENDANT, as a matter of law, has the burden of proving that (a) employees are properly classified as exempt and that (b) DEFENDANT otherwise complies with applicable laws.  Other than the initial classification of the PLAINTIFF and other Research Associates as exempt from being paid overtime based on job title alone, DEFENDANT had no business policy, practice, or procedure to ensure that the PLAINTIFF and other Research Associates were properly classified as exempt, and in fact, as a matter of corporate policy erroneously classified PLAINTIFF and other Research Associates as exempt.

15.     During their employment with DEFENDANT, PLAINTIFF and the other Research Associates on the production side of DEFENDANT'S enterprise, performed non-exempt duties but were nevertheless classified by DEFENDANT as exempt from overtime pay and worked more than eight (8) hours a day, forty (40) hours a week, and/or on the seventh (7th) of a workweek.  In addition, PLAINTIFF and other Research Associates were not provided with all required off-duty meal periods and rest period breaks during the class period.  In fact, Research Associates who attempted to take off-duty breaks were threatened with reprimand for failing to meet daily production goals and call requirements.

16.      PLAINTIFF and the other Research Associates employed by DEFENDANT were not primarily engaged in work of a type that was or now is directly related to management policies or general business operations, when giving these words a fair but narrow construction.  PLAINTIFF and the other Research Associates employed by DEFENDANT were also not primarily engaged in work of a type that was or now is performed at the level of the policy or management of the DEFENDANT.  To the contrary, the work of a Research Associate employee of the DEFENDANT was work wherein PLAINTIFF and members of the CALIFORNIA CLASS were primarily engaged in the day

to day business operations of the DEFENDANT to compile real estate information and enter the information in the Costar database in accordance with the training, policies and general operation requirements established by DEFENDANT.

17.    The fact that the work of these employees may have involved work using a computer and/or a specialized skill set in a defined technical area does not mean that the PLAINTIFF or other Research Associates employed by DEFENDANT are exempt from overtime wages.  Indeed, the exercise of discretion and independent judgment must be more than the use of a highly technical skill set described in a manual or other sources.  The work that PLAINTIFF and other Research Associates employed by DEFENDANT was and are primarily engaged in performing day to day activities is the work that is required to be performed as part of the day to day business of DEFENDANT.  As a result, PLAINTIFF and other Research Associates employed by DEFENDANT were primarily engaged in work that falls on the production side of the administrative/production worker dichotomy and should have been properly classified as non-exempt employees.  Further, although the work of Research Associates involves a computer database, the work of the research associates in no way involves computer programming or writing code for the database.

18.    PLAINTIFF and all members of the CALIFORNIA CLASS  are and were uniformly classified and treated by DEFENDANT as exempt at the time of hire and thereafter, DEFENDANT failed to take the proper steps to determine whether PLAINTIFF, and the other members of the CALIFORNIA CLASS , were properly classified under Industrial Welfare Commission Wage Order 4-2001 and Cal. Lab. Code §§ 510 et seq. and Section 13 of the Fair Labor Standards Act (the "FLSA") as exempt from applicable federal and state labor laws.  Since DEFENDANT affirmatively and willfully misclassified PLAINTIFF  and the members of the CALIFORNIA CLASS  complied with either the FLSA or the California Labor Laws, DEFENDANT'S practices violated and continue to violate the law.  In addition, the DEFENDANT acted deceptively by falsely and fraudulently telling PLAINTIFF and each member of the CALIFORNIA CLASS  that they were exempt from overtime pay when DEFENDANT knew or should have known that this statement was

false and not based on known facts. The DEFENDANT also acted unfairly by violating the labor laws of the United States and California. As a result of this policy and practice, DEFENDANT violated the UCL.

The Unfair, Unlawful and/or Deceptive Failure to Provide Accurate Wage Statements

19. DEFENDANT failed to provide and still fails to provide PLAINTIFF and other Research Associates with a wage statement in writing which accurately sets forth gross wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the PLAINTIFF and other Research Associates. This conduct violates California Labor Code § 226. The wage statement also does not display anywhere PLAINTIFF's and other Research Associates' overtime hours and applicable rates of overtime pay for the pay period.

The Unfair, Unlawful and/or Deceptive Failure to Make Meal and Rest Periods Available

20. DEFENDANT's policies, practices, and procedures fail to make off-duty meal periods and rest periods available to PLAINTIFF and the other Research Associates. DEFENDANT failed to provide a full thirty (30) minute period in which the Research Associates are completely relieved of their duties and able to take an uninterrupted meal break. Instead, the daily production requirements imposed by DEFENDANT on Research Associates requires these employees to work through lunch in order to meet the daily production requirements.

21. By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a company-wide policy and procedure which failed to correctly classify the PLAINTIFF and the CALIFORNIA CLASS of Research Associates as exempt. The proper classification of these employees is the DEFENDANT's burden. As a result of DEFENDANT'S intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the Fair Labor

Standards Act and the California Labor Code and regulations promulgated thereunder as herein alleged.

## THE UCL REMEDIES

22. As a result of DEFENDANT'S UCL violation, PLAINTIFF, on behalf of himself and the CALIFORNIA CLASS, seek restitutionary disgorgement of DEFENDANT'S ill-gotten gains into a fluid fund in order to provide restitution of all the money that DEFENDANT were required by law to pay, but failed to pay, to PLAINTIFF and all other CALIFORNIA CLASS members. PLAINTIFF also seeks all other relief available to them and other Research Associate employees located in California under California law. PLAINTIFF also seek declaratory relief finding that the employment practices and policies of the DEFENDANT violate California law, and equitable relief, including an injunction, as is necessary to prevent the DEFENDANT's continued violation of California law.

## THE CALIFORNIA CLASS

23. PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, et seq. (the "UCL") as a class action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) on behalf of a class defined as all individuals who are or previously were employed by DEFENDANT as an Research Associate in California (the "CALIFORNIA CLASS") during the period beginning on the date four years before the filing of this complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

24. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

25. DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage

Order Requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT unfairly, unlawfully, and deceptively instituted a practice to ensure that the employees employed in an Research Associate position were not properly classified as non-exempt from the requirements of California Labor Code §§ 510, et seq.

26. DEFENDANT has the burden of proof that each and every employee is properly classified as exempt from the requirements of the Cal. Lab. Code §§ 510, et seq. The DEFENDANT, however, as a matter of uniform and systematic policy and procedure had in place during the CALIFORNIA CLASS PERIOD and still has in place a policy and practice that misclassifies the members of the CALIFORNIA CLASS as exempt. The DEFENDANT's uniform policy and practice in place at all times during the CALIFORNIA CLASS PERIOD and currently in place is to systematically classify each and every CALIFORNIA CLASS member as exempt from the requirements of the California Labor Code §§ 510, et seq. This common business practice applicable to each and every CALIFORNIA CLASS member can be adjudicated on a classwide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

27. At no time before, during or after the PLAINTIFF's employment with DEFENDANT was any Research Associate employee reclassified as non-exempt from the applicable requirements of California Labor Code §§ 510, *et seq.* after each California Class Member was initially, uniformly, and systematically classified as exempt upon being hired.

28. Any individual declarations of any employees offered at this time purporting to indicate that one or more Research Associate employee may have been properly classified is of no force or affect absent contemporaneous evidence that DEFENDANT's uniform system did not misclassify the Plaintiff and other Research Associates as exempt pursuant to Cal. Lab. Code §§ 510, et seq. Absent proof of such a contemporaneous system, DEFENDANT'S business practice is uniformly unlawful, unfair and/or deceptive under the UCL and may be so adjudicated on a classwide basis. As a result of the UCL violations, the

PLAINTIFF and the CALIFORNIA CLASS Members are entitled to compel DEFENDANT to provide restitutionary disgorgement of their ill-gotten gains into a fluid fund in order to restitute these funds to the PLAINTIFF and the members of the CALIFORNIA CLASS according to proof.

29.     The CALIFORNIA CLASS, numbering more than 100 members, is so numerous that joinder of all Research Associates, is impracticable.

        (a)     Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly misclassified PLAINTIFF and the members of the CALIFORNIA CLASS as exempt;

        (b)     Committing an act of unfair competition in violation of the UCL, by unlawfully, unfairly, and/or deceptively failing to have in place a company policy, practice and procedure that accurately determined the amount of working time spent by PLAINTIFF and the members of the CALIFORNIA CLASS performing non-exempt labor;

        (c)     Committing an act of unfair competition in violation of the UCL, by having in place a company policy, practice and procedure that failed to reclassify as non-exempt those members of the CALIFORNIA CLASS whose actual job duties are primarily comprised non-exempt job functions;

        (d)     Committing an act of unfair competition in violation of the UCL by violating Cal. Lab. Code §§510, *et seq.* by failing to pay the correct overtime pay to PLAINTIFF and the members of the CALIFORNIA CLASS who were improperly classified as exempt;

        (e)     Committing an act of unfair competition in violation of the UCL by violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the members of the CALIFORNIA CLASS with

required off-duty meal and rest periods;

(f)   Committing an act of unfair competition in violation of the UCL by violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and the members of the CALIFORNIA CLASS with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

30.   This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3) in that:

(a)   The persons who comprise the CALIFORNIA CLASS exceed 100 persons and are therefore so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)   Nearly all factual, legal, statutory, and declaratory relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c)   The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all other members of the CALIFORNIA CLASS, was initially classified as exempt upon hiring based on the defined corporate policies and practices and labored under DEFENDANT'S systematic procedure that failed to properly classify Plaintiff and the members of the CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT'S employment practices.  PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by the DEFENDANT by

deceptively advising all Research Associates that they were exempt from overtime wages based on the defined corporate policies and practices, and unfairly failing to pay overtime to employees who were improperly classified as exempt.

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in class action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all Class Members.

31.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)     Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA CLASS have acted or refused

FIRST AMENDED COMPLAINT
-13-

to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that the DEFENDANT uniformly classified and treated the Research Associates as exempt and, thereafter, uniformly failed to take proper steps to determine whether the Research Associates were properly classified as exempt, and thereby denied these employees overtime wages as required by law;

1) With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT'S policy and practices constitute unfair competition, along with incidental equitable relief as may be necessary to remedy the conduct declared to constitute unfair competition;

(c) Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because as a practical matter a substantial number of individual class members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(3).

32. This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

    (a) The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual members

because the DEFENDANT's employment practices were uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual Class members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA CLASS exceed 100 people and are therefore so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g) DEFENDANT had acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h) The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA

CLASS consists of all DEFENDANT'S Research Associates employed in California during the CALIFORNIA CLASS PERIOD; and,

    (I)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

33.    DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT'S employees who as have been systematically, intentionally and uniformly subjected to DEFENDANT'S corporate policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

34.    PLAINTIFF further brings the Second, Third and Fourth causes of action on behalf of a subclass which consists of all members of the CALIFORNIA CLASS who were employed by DEFENDANT during the period beginning on the date three (3) years prior to the filing of the action and ending on the date as determined by the Court (CALIFORNIA LABOR SUB-CLASS PERIOD), who performed work in excess of eight (8) hours in one day and/or forty (40) hours in one week and/or hours on the seventh (7th) consecutive day of a workweek and did not receive overtime compensation as required by Labor Code Section 510 and Wage Order 4-2001 (the "CALIFORNIA LABOR SUBCLASS") pursuant to Fed. R. Civ. Proc. 23(b)(3).

35.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC") Wage Order Requirements intentionally, knowingly, wilfully, and systematically misclassified  PLAINTIFF and the other members of the CALIFORNIA CLASS and the CALIFORNIA LABOR SUBCLASS as exempt from overtime wages and

other labor laws based on Defendant's comprehensive policies and procedures in order to avoid the payment of overtime wages by misclassifying their positions as exempt from overtime wages and other labor laws. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUBCLASS against DEFENDANT, the class period should be adjusted accordingly.

36. DEFENDANTS have intentionally and deliberately created a number of job levels and job titles such as "Research Analyst" and/or "Research Associate", often with additional designations of "Senior" or "II." These titles were distributed in order to create the superficial appearance of a number of unique jobs, when in fact, these jobs are substantially similar and can be easily grouped together for the purpose of determining that they were all misclassified. One of DEFENDANT's purposes in creating and maintaining this multi-level job classification scheme is to create a roadblock to discovery and class certification for all employees similarly misclassified as exempt. DEFENDANT has uniformly misclassified these CALIFORNIA LABOR SUBCLASS members as exempt and denied them overtime wages and other benefits to which non-exempt employees are entitled in order to unfairly cheat the competition and unlawfully profit.

37. DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT'S employees who as CALIFORNIA LABOR SUBCLASS members have been systematically, intentionally and uniformly misclassified as exempt as a matter of DEFENDANT'S corporate policy, practices and procedures. PLAINTIFF will seek leave to amend the complaint to include these additional job titles when they have been identified.

38. The CALIFORNIA LABOR SUBCLASS is so numerous that joinder of all members, which number over 100 Research Associates, is impracticable.

39. Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUBCLASS, including, but not limited, to the following:

    (a) Whether DEFENDANT unlawfully failed to pay overtime compensation to members of the CALIFORNIA LABOR SUBCLASS

in violation of the California Labor Code and applicable regulations and California Wage Order 4-2001;

(b) Whether the members of the CALIFORNIA LABOR SUBCLASS are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California Law;

(c) Whether DEFENDANT'S policy and practice of classifying the CALIFORNIA LABOR SUBCLASS members as exempt from overtime compensation and failing to pay the CALIFORNIA LABOR SUBCLASS members overtime violate applicable provisions of California law;

(d) Whether DEFENDANT unlawfully failed to keep and furnish California members with accurate records of hours worked;

(e) Whether DEFENDANT'S policy and practice of failing to pay members of the CALIFORNIA LABOR SUBCLASS all wages when due within the time required by law after their employment ended violates California law;

(f) Whether DEFENDANT unlawfully failed to provide all required meal and rest periods to the members of the CALIFORNIA LABOR SUBCLASS; and,

(g) The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUBCLASS.

40. DEFENDANT, as a matter of corporate policy, practice and procedure, erroneously classified all Research Associates as exempt from overtime wages and other labor laws. All Research Associates, including the PLAINTIFF, performed the same primary functions and were paid by DEFENDANT according to uniform and systematic company procedures, which, as alleged herein above, failed to correctly pay overtime compensation. This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUBCLASS, and therefore, the propriety of this conduct can be

adjudicated on a class-wide basis.

41. DEFENDANT violated the rights of the CALIFORNIA LABOR SUBCLASS under California law by:

(a) Violating Cal. Lab. Code §§ 510, et seq. by misclassifying and thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS the correct overtime pay for a work day longer than eight (8) hours and/or a workweek longer than forty (40) hours, and also for all hours worked on the seventh (7th) day of a workweek for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b) Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUBCLASS who have terminated their employment;

(c) Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS who were improperly classified as exempt with meal and rest periods; and,

(d) Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS who were improperly classified as exempt with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

42. This Class Action meets the statutory prerequisites for the maintenance of a

Class Action as set forth in Fed. R. Civ. Proc. 23(b)(3), in that:

(a)    The persons who comprise the CALIFORNIA LABOR SUBCLASS exceed 100 individuals and are therefore so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, and declaratory relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUBCLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUBCLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUBCLASS. PLAINTIFF, like all other members of the CALIFORNIA LABOR SUBCLASS, was improperly classified as exempt and denied overtime pay as a result of DEFENDANT'S systematic classification practices. PLAINTIFF and all other members of the CALIFORNIA LABOR SUBCLASS sustained economic injuries arising from DEFENDANT'S violations of the laws of California; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUBCLASS, and has retained counsel who are competent and experienced in Class Action litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUBCLASS will vigorously assert the claims of all Class Members.

43.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(3), in that:

(a)    Without class certification and determination of declaratory, statutory

and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUBCLASS will create the risk of:

1)      Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUBCLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUBCLASS; or,

2)      Adjudication with respect to individual members of the CALIFORNIA LABOR SUBCLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)      The parties opposing the CALIFORNIA LABOR SUBCLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA SUBCLASS, making appropriate class-wide relief with respect to the SUBCLASS as a whole in that the DEFENDANT uniformly classified and treated the Research Associates as exempt and, thereafter, uniformly failed to take proper steps to determine whether the Research Associates were properly classified as exempt, and thereby denied these employees overtime wages as required by law;

(c)      Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUBCLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)      The interests of the members of the CALIFORNIA LABOR SUBCLASS in individually controlling the prosecution or

FIRST AMENDED COMPLAINT
-22-

defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUBCLASS members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUBCLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.   Adjudications with respect to individual members of the CALIFORNIA LABOR SUBCLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual class members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc.

FIRST AMENDED COMPLAINT
-23-

23(b)(3).

44.     This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(3) because:

(a)     The questions of law and fact common to the CALIFORNIA LABOR SUBCLASS predominate over any question affecting only individual members;

(b)     A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUBCLASS because in the context of employment litigation a substantial number of individual Class members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)     The members of the CALIFORNIA LABOR SUBCLASS exceed 100 individuals and are therefore so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUBCLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA LABOR SUBCLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT'S actions have inflicted upon the CALIFORNIA LABOR SUBCLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUBCLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally

applicable to the CALIFORNIA LABOR SUBCLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUBCLASS as a whole;

(h) The members of the CALIFORNIA LABOR SUBCLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUBCLASS consists of those Research Associates who worked overtime hours and who were not paid overtime; and,

(I) Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

## JURISDICTION AND VENUE

45. This Court has jurisdiction over PLAINTIFF's federal claim pursuant to 28 U.S.C.§1331 and supplemental jurisdiction of PLAINTIFF's state law claims pursuant to 28 U.S.C. § 1367.

46. Further, with respect to the state law class claims, these state law class claims are brought as a class action pursuant to Fed. R. Civ. Proc, Rule 23 on behalf of a class that exceeds 100 people, that involves more than $5,000,000 in controversy, and where the citizenship of at least one member of the class is diverse from that of DEFENDANT. As a result, this Court also has original jurisdiction over the state law class claims under 28 U.S.C. §1332 (CAFA Jurisdiction).

47. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because DEFENDANT (I) is subject to personal jurisdiction in this District and therefore, resides in this District, (ii) maintains offices or facilities in San Diego, (iii) committed the wrongful conduct against PLAINTIFF and other members of the CALIFORNIA CLASS in San Diego County, California, (iv) PLAINTIFF resides in San Diego County, and (v) PLAINTIFF was employed by DEFENDANT in San Diego County.

# FIRST CAUSE OF ACTION

## For Unlawful Business Practices

## [Cal. Bus. And Prof. Code § 17200 et seq.]

## (By PLAINTIFF and the CALIFORNIA CLASS and against All Defendants)

48.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 47 of this Complaint.

49.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

50.     California Business & Professions Code § 17200 et seq. (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

51.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to provisions of the Wage Orders, the California Labor Code, the California Code of Regulations, the Fair Labor Standards Act, the regulations of the Department of Labor, and the opinions of the Department of Labor Standards Enforcement, for which this Court should issue declaratory, and other equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition.

52.     By and through the unfair and unlawful business practices described herein above, DEFENDANT has obtained valuable property, money, and services from the

PLAINTIFF, and the other members of the CALIFORNIA CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete.  Declaratory, injunctive and equitable relief is necessary to prevent and remedy this unfair competition.

53.     All the acts described herein as violations of, among other things, the Cal. Lab. Code, California Code of Regulations, and the Industrial Welfare Commission Wage Orders, are unlawful, are in violation of public policy, are immoral, unethical, oppressive, and unscrupulous, and are likely to deceive employees, and thereby constitute deceptive, unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code § 17200 et seq.

54.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, are further entitled to, and do, seek a declaration that the above described business practices are deceptive unfair and/or unlawful.  The practices herein alleged presently continue to occur unabated.  As a result of the unfair and unlawful business practices described above, PLAINTIFF, and the other members of the CALIFORNIA CLASS, have suffered  legal and economic harm.

55.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, have no plain, speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices of DEFENDANT.  As a result of the unfair and unlawful business practices described above, PLAINTIFF, and the other members of the CALIFORNIA CLASS, have suffered and will continue to suffer irreparable harm unless DEFENDANT is restrained from continuing to engage in these unfair and unlawful business practices.  In addition, DEFENDANT should be required to disgorge the unpaid moneys and interest thereon as required by law in order to provide restitution to PLAINTIFF, and the other members of the CALIFORNIA CLASS.

**SECOND  CAUSE OF ACTION**

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code §§ 510, 515.5, 551, 552, 1194 and 1198]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUBCLASS)**

56.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 55 of this Complaint.

57.    Cal. Lab. Code § 510 states in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

58.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

59.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to work more than six days in seven."

60.    Cal. Lab. Code § 515(d) provides: "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary.

61.    Cal. Lab. Code § 1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

62.    Cal. Lab. Code § 1198 provides: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

63.     In addition, Labor Code Section 558 provides:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
(3) Wages recovered pursuant to this section shall be paid to the affected employee.
(b) If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.
(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

64.     DEFENDANT has intentionally and uniformly designated Research Associate as "exempt" employees, by their job title and without regard to DEFENDANT'S realistic expectations and actual overall requirements of the job, including PLAINTIFF and the other members of the  CALIFORNIA LABOR SUBCLASS who worked on the production side of the DEFENDANT'S business.  This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

65.     For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision; and,

(b)     The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

(c)     The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d) The employee must customarily and regularly exercise discretion and independent judgment; and,

(e) The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUBCLASS was or is an executive because they all fail to meet the requirements of being an "executive" within the meaning of Order No. 4-2001.

66. For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a) The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

(b) The employee must customarily and regularly exercise discretion and independent judgment; and,

(c) The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d) The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e) The employee must execute special assignments and tasks under only general supervision; and,

(f) The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUBCLASS was or is an administrator because they all fail to meet the requirements for being an "administrator" under Order No. 4-2001.

67. The Industrial Welfare Commission, ICW Wage Order 4-2001, at section (1)(A)(3)(h), and Labor Code § 515 also set forth the requirements which must be complied with to place an employee in the "professional" exempt category. For an employee to be "exempt" as a bona fide "professional", all the following criteria must be met and DEFENDANT has the burden of proving that:

(a) The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession. For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

1) Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

2) Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

3) Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

(b) The employee must customarily and regularly exercise discretion and independent judgment; and.

(c) The employee earns a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

No member of the CALIFORNIA LABOR SUBCLASS was or is a professional because they all fail to meet the requirements of being a "professional" within the meaning of Order No. 4-2001.

68. PLAINTIFF, and other members of the CALIFORNIA LABOR SUBCLASS, do not fit the definition of an exempt executive, administrative, or professional

employee because:

(a)    They did not work as executives or administrators; and,

(b)    The professional exemption articulated in Wage Order 4-2001, section (1)(A)(3)(h) and Labor Code § 515, does not apply to PLAINTIFF, nor to the other members of the CALIFORNIA LABOR SUBCLASS, because they did not meet all the applicable requirements to work under the professional exemption of for the reasons set forth above in this Complaint.

69.    PLAINTIFF, and other members of the CALIFORNIA LABOR SUBCLASS, do not fit the definition of an exempt computer professional under Labor Code §515.5 because Research Associates are not computer programmers and do not perform any of the following duties for DEFENDANT: (a) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications; (b) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specification; and © the documentation, testing, creation, or modification of computer programs related to the design of software or hardware for computer operating systems.

70.    During the class period, the PLAINTIFF, and other members of the CALIFORNIA LABOR SUBCLASS, worked more than eight (8) hours in a workday and/or forty (40) hours in a work week, and also worked on the seventh (7th) day of a workweek.

71.    At all relevant times, DEFENDANT failed to pay PLAINTIFF, and other members of the CALIFORNIA LABOR SUBCLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, were regularly required to work, and did in fact work, overtime hours.

72.    By virtue of DEFENDANT'S unlawful failure to pay additional compensation

to the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, for their overtime hours, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

73. DEFENDANT knew or should have known that PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, were misclassified as exempt and DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate policy, practice and procedure.

74. Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, request recovery of overtime compensation according to proof, interest, costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the Cal. Lab. Code and/or other statutes. To the extent overtime compensation is determined to be owed to PLAINTIFF and other members of the CALIFORNIA LABOR SUBCLASS who have terminated their employment, these employees would also be entitled to waiting time penalties under Labor Code § 203. Further, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, are entitled to seek and recover statutory costs.

75. In performing the acts and practices herein alleged in violation of labor laws and refusing to provide the requisite overtime compensation, the DEFENDANT acted and continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the other members of the CALIFORNIA LABOR SUBCLASS, with a conscious and utter disregard of their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights and otherwise causing them injury in order to increase corporate profits at the expense of PLAINTIFF and the members of the CALIFORNIA CLASS.

**THIRD CAUSE OF ACTION**

**For Failure to Provide Meal and Rest Periods**

**[Cal. Lab. Code §§ 226.7 and 512]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUBCLASS)**

76.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 75 of this Complaint.

77.    Cal. Lab. Code § 512 provide, in relevant part:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

78.    Section 11 of the Order 4-2001 of the Industrial Wage Commission provides, in relevant part:

Meal Periods:
    (A)    No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.
    (B)    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

79.    Section 12 of the Order 4-2001 of the Industrial Wage Commission provides, in relevant part:

Rest Periods:
    (A)    Every employer shall authorize and permit employees to take rest

periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3-1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B)    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

80.    In addition, Labor Code Section 558 provides:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
(3) Wages recovered pursuant to this section shall be paid to the affected employee.
(b) If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.
© The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

81.    Cal. Lab. Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
 (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

82.    DEFENDANT has intentionally and improperly failed to provide all rest and/or meal periods without any work or duties to PLAINTIFF and the other members of the  CALIFORNIA LABOR SUBCLASS as required by law, and by failing to do so DEFENDANT violated the provisions of Labor Code 226.7.

83.    Therefore, PLAINTIFF demand on behalf of himself and the members of the

CALIFORNIA LABOR SUBCLASS, one (1) hour of pay for each workday in which a rest period was not provided for each four (4) hours of work during the period commencing on the date that is within four years prior to the filing of this Complaint and one (1) hour of pay for each workday in which employees performed five (5) hours of work for which a meal period was not provided.

## FOURTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUBCLASS)

84.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 83 of this Complaint.

85.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized statement in writing" showing:

(1) gross wages earned,
(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

86.    At all times relevant herein, DEFENDANT violated Labor Code § 226, in that DEFENDANT failed to provide an accurate wage statement in writing that properly and accurately itemized the number of hours worked by PLAINTIFF, and the other members of the  CALIFORNIA LABOR SUBCLASS at the effective regular rates of pay

and the effective overtime rates of pay.

87. DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226, causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUBCLASS herein).

## FIFTH CAUSE OF ACTION

### Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA")

### (By PLAINTIFF and the COLLECTIVE CLASS)

88. PLAINTIFF, and the other members of the COLLECTIVE CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 87 of this Complaint.

89. DEFENDANT is engaged in communication, business, and transmission between the states, and are, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

90. PLAINTIFF further bring the Fifth cause of action on behalf of a Collective Class which consists of all Research Associates employed in the United States by DEFENDANT during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "COLLECTIVE CLASS"), and who performed work in excess of forty (40) hours in one week but did not receive overtime compensation as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

91.     29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.

92.     29 U.S.C. § 207(a)(1) provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

93.     Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

94.     DEFENDANT has willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees as "exempt" employees, by their job title and without regard to DEFENDANT'S realistic expectations and actual overall requirements of the job, including PLAINTIFF and the other members of the COLLECTIVE CLASS who worked on the production side of the DEFENDANT'S business enterprise.  This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations requirements.

95.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., PLAINTIFF and the other members of the COLLECTIVE CLASS are entitled to overtime compensation for all overtime hours actually worked, at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

96.    29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part.

97.    The exemptions of the FLSA as listed in section 13(a), and as explained by 29 C.F.R. 541.3, do not apply to PLAINTIFF and the other members of the COLLECTIVE CLASS, because their work consists of non-management, production line labor performed with skills and knowledge acquired from on-the-job training, rather than from the prolonged course of specialized intellectual instruction required for exempt learned professional employees such as medical doctors, architects and archeologists.  Research Associates either do not hold an advanced degree, have not taken any prolonged course of specialization , and/or have attained the vast majority of the skills they use as employees of DEFENDANT from on the job training.

98.    For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)    The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision;

(b)    The employee must customarily and regularly direct the work of at least two (2) or more other employees;

©    The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d)    The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100.  Moreover, none of the members of the COLLECTIVE CLASS managed the work of two or more other employees in a customarily recognized department or subdivision of

the employer, and whose recommendations as to the hiring, firing, advancement, promotion or other change of status of the other employees were given particular weight and therefore, they do not qualify for the executive exemption.

99.     For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee must perform office or non-manual work directly related to management or general business operation of the employer or the employer's customers;

(b)     The employee must customarily and regularly exercise discretion and independent judgment with respect to matters of significance; and,

©      The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)     The employee must perform under only general supervision, work requiring special training, experience, or knowledge; and,

(e)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet the requirements of for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R. 541.300.  Moreover, their primary duty does not include work such as planning, scheduling, and coordinating activities required to develop systems to solve complex business or scientific problems of the employer or the employer's customers and therefore, they are not qualified for the administrative exemption.

100.    For an employee to be "exempt" as a bona fide "professional", the DEFENDANT has the burden of proving that the primary duty of the employee is the performance of work that:

(a)     Requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual

FIRST AMENDED COMPLAINT
-40-

instruction; or

(b)     Requires invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

No member of the COLLECTIVE CLASS was or is a professional because they all fail to meet the requirements of being an "professional" within the meaning of 29 CFR 541.300. Further, PLAINTIFF and other Research Associates operated under intense scrutiny from management and are strictly dictated by written guidelines and standardized procedures.

101.    During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other members of the COLLECTIVE CLASS, worked more than forty (40) hours in a work week and were also required to perform duties that were primarily for the benefit of the employer during meal periods.

102.    At all relevant times, DEFENDANT failed to pay PLAINTIFF, and other members of the COLLECTIVE CLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by section 207 of the FLSA, even though PLAINTIFF, and the other members of the COLLECTIVE CLASS, were regularly required to work, and did in fact work, overtime hours.

103.    For purposes of the Fair Labor Standards Act, the employment practices of DEFENDANT were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

104.    There are no other exemptions applicable to PLAINTIFF and/or to members of the COLLECTIVE CLASS.

105.    As a result of DEFENDANT'S failure to pay overtime compensation for overtime hours worked , as required by the FLSA, PLAINTIFF and the members of the COLLECTIVE CLASS were damaged in an amount to be proved at trial.

106.    Therefore, PLAINTIFF demands that she and the members of the COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest and statutory costs as provided by law.

## SIXTH CAUSE OF ACTION

### Labor Code Private Attorneys General Act

### [Cal. Labor Code § 2698]

### (By PLAINTIFF and Against all DEFENDANTS)

107.    PLAINTIFF, and the other aggrieved employees, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 106 of this Complaint. PLAINTIFF brings this claim for civil penalties as a representative action on behalf of himself and all other individuals who are or previously were employed by Dunbar Armored, Inc. as an Armored Truck Employee as hereinabove defined in California during the applicable statutory period as determined by the Court (the "Aggrieved Employees").

108.    On or about December 21, 2009, PLAINTIFF gave written notice by certified mail to the Labor and Workforce Development Agency (the "Agency") and the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3.  After waiting thirty-three (33) days, no notice in response was provided by the Agency within thirty-three (33) calendar days of the postmark date of the notice given pursuant to Labor Code § 2699.3, PLAINTIFF, as an Aggrieved Employee may commence a civil action pursuant to Section 2699.  As a result, pursuant to Section 2699.3, PLAINTIFF now commences a civil action pursuant to Section 2699 on behalf of himself and all other Aggrieved Employees.

109.    The policies, acts and practices heretofore described were and are unlawful employment acts and/or practices because DEFENDANT's alleged conduct violates Labor Code sections listed in Labor Code §2699.5 as set forth hereinabove and thereby gives rise to civil penalties as a result of such conduct.  PLAINTIFF, as an Aggrieved Employee, hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of himself and other Aggrieved Employees, against whom one or more of the violations of the Labor Code was committed.

**PRAYER**

WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

   A) That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

   B) An order requiring DEFENDANT to correctly calculate and pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

   D)  Restitutionary disgorgement of DEFENDANT'S ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT'S violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS according to proof.

2. On behalf of the CALIFORNIA LABOR SUBCLASS:

   A) That the Court certify the Second, Third, Fourth, and Fifth Causes of Action asserted by the CALIFORNIA LABOR SUBCLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(3);

   B) Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS, during the applicable CALIFORNIA CLASS PERIODS plus interest thereon at the statutory rate;

   C) One (1) hour of premium pay for each workday in which a rest period was not provided to PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS as required y law;

   D) One (1) hour of premium pay for each workday in which a meal break was not provided to PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS as required by law;

E) The wages of all terminated employee from the CALIFORNIA LABOR SUBCLASS as a penalty from the due date thereof at the same rate, in accordance with Cal. Lab. Code § 203; and,

F) The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUBCLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226.

3. On behalf of the COLLECTIVE CLASS:

A) That the Court certify the Fifth Cause of Action asserted by the COLLECTIVE CLASS as an opt-in class action under 29 U.S.C. § 216(b);

B) Issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

C) That PLAINTIFF and the other members of the COLLECTIVE CLASS recover compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b).

4. On all claims:

A) An award of interest, including prejudgment interest at the legal rate.

B) An award of damages, statutory damages, penalties and cost of suit.  Neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees or costs available under Cal. Lab. Code § 218.5;

C) Such other and further relief as the Court deems just and equitable.

Dated:  February 15, 2010        BLUMENTHAL, NORDREHAUG & BHOWMIK


By:    */s/ Norman B. Blumenthal*
               Norman B. Blumenthal
               Attorneys for Plaintiff

FIRST AMENDED COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff demands jury trial on issues triable to a jury.

Dated:   February 15, 2010          BLUMENTHAL, NORDREHAUG & BHOWMIK


By:   */s/ Norman B. Blumenthal*
Norman B. Blumenthal
Attorneys for Plaintiff

FIRST AMENDED COMPLAINT
-45-

## CERTIFICATE OF SERVICE [F.R.C.P. §5]

I am a citizen of the United States and a resident of the State of California.  I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2255 Calle Clara, La Jolla, California 92037.  On February 15, 2010, I served the document(s) described as below in the manner set forth below:

**(1)   FIRST AMENDED COMPLAINT**

_XX_   (BY ELECTRONIC SERVICE): I caused the listed documents to be electronically filed through the CM/ECF system at the United States District Court for the Southern District of California which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

**_XX_**   (Federal): I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on February 15, 2010 at San Diego, California.

_/s/ Norman B. Blumenthal_
Norman B. Blumenthal

K:\D\NBB\Wietzke v. Costar\p-AMD-Complaint-Final.wpd