UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WIETZKE, on behalf of himself, and on behalf of all persons similarly situated,<br><br>            Plaintiff,<br>    vs.<br><br>COSTAR REALTY INFORMATION, INC., a Maryland Corporation; and, Does 1 to 10,<br><br>            Defendant. | CASE NO. 09cv2743 MMA (WVG)<br><br>**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, AWARD OF ATTORNEYS FEES, AND LITIGATION EXPENSES**<br><br>[Doc. Nos. 22, 23] |

Pending before the Court are Plaintiff Matthew Wietzke and Defendant CoStar Realty Information, Inc.'s joint motion for final approval of class settlement [Doc. No. 22], and Plaintiff's unopposed motion for attorneys' fees, litigation expense award, and an enhancement award for the named plaintiff [Doc. No. 23].

Having considered the parties' arguments and submissions, including the Stipulation Re: Settlement of Class and Collective Actions, the Court issues the following memorandum order.

### BACKGROUND

Defendant CoStar Realty Information, Inc. ("Defendant" or "CoStar") provides information, marketing and analytical services to commercial real estate professionals. CoStar

employs Research Associates to research and evaluate the commercial real estate market. Plaintiff Matthew Wietzke ("Plaintiff"), a Research Associate, brought this putative class and collective action against his employer CoStar, alleging that he and other employees were misclassified as "exempt" employees, and thus are entitled to unpaid overtime wages and other remedies.

On December 8, 2009, Plaintiff filed this putative class and collective action. On February 15, 2010, Plaintiff filed the operative First Amended Complaint. Specifically, Plaintiff's First Amended Complaint alleges CoStar violated state and federal employment laws, including: (1) unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*; (2) failure to pay overtime compensation in violation of Cal. Lab. Code §§ 510, 515.5, 551, 552, 1194 and 1198, *et seq.*; (3) failure to provide meal and rest periods in violation of Cal. Lab. Code § 226.7 and 512; (4) failure to provide accurate itemized statements in violation of Cal. Lab. Code § 226; (5) failure to pay overtime compensation in violation of 29 U.S.C. § 201, *et seq.*; and (6) Private Attorney General Act claim under Labor Code § 2698, *et seq.* CoStar denies any wrongdoing or liability and maintains that it compensated its employees fairly and in accordance with its legal obligations.

On May 10, 2010, the parties attended a mediation session with David Rotman, Esq., who specializes in mediating wage and hour class actions. The parties reached a settlement agreement. On September 24, 2010, the Court granted preliminary approval for the settlement, authorized the notice process, and scheduled a hearing on final approval. On February 22, 2011, the Court held the final approval of settlement fairness hearing.

### THE SETTLEMENT

The settlement calls for a California settlement class consisting of all individuals who were employed by CoStar as Research Associates in California at any point during the California class period, December 8, 2005 through and including August 10, 2010. (Blumenthal Decl. ¶ 3, *citing* Stipulation at 1.3.) The proposed National collective action settlement class consists of individuals who were employed by CoStar as Research Associates in the United States of America (including the District of Columbia) in locations other than California at any point during the National class period. (Id.)

Under the Settlement Agreement, the parties stipulated the maximum settlement amount is $800,000. The specific components of the maximum settlement amount are as follows:

> (a) the maximum gross amounts for settlement payments to California participating claimants, which is $273,750;
> (b) the maximum gross amount for settlement payments to National participating claimants, which is $273,750;
> (c) the maximum gross amount for class counsel's attorneys' fees, which is twenty-five percent (25%) of the maximum settlement amount (or $200,000);
> (d) the maximum gross amount for counsel and the class representative's allowable litigation costs and associated expenses, which is $15,000;
> (e) the anticipated gross amount for claims administration costs, which is $25,000;
> (f) the maximum gross amount for the enhancement payment to be made by CoStar to Plaintiff Wietzke, which is $5,000; and
> (g) the maximum gross amount for payment to the California Labor Workforce Development Agency pursuant to the California Labor Code Private Attorney Generals Act of 2004, which is $7,500.

(Blumenthal Decl., ¶ 6, *citing* Stipulation at 1.22.)

## DISCUSSION

I. Final Settlement Approval

   *a.   Class Certification*

Federal Rule of Civil Procedure 23(e) requires that a court approve a class action settlement. "[I]n the context of a case in which the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Thus, a court must confirm the propriety of certification by assessing the following prerequisites: "(1) numerosity of plaintiffs; (2) common questions of law or fact predominate; (3) the named plaintiff's claims and defenses are typical; and (4) the named plaintiff can adequately protect the interests of the class." *Hanlon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992) (*citing* Fed. R. Civ. P. 23(a)). Under Federal Rule of Civil Procedure 23(b)(3), the Court also must consider whether common questions of law and fact predominate, as well as whether the class action offers a superior method of adjudicating the controversy. FED. R. CIV. P. 23(b)(3).

Under the Fair Labor Standards Act ("FLSA"), an aggrieved employee may bring a collective action on behalf of himself and other employees "similarly situated" based on an

employer's failure to adequately pay overtime wages. 29 U.S.C. § 216(b); *Adams v. Inter-Con Sec. Sys.*, 242 F.R.D. 530, 535-36 (N.D. Cal. 2007). Although neither the FLSA nor the Ninth Circuit have defined the phrase "similarly situated," courts have found that a collective action is proper under a two-part test. Under the first part, a court must determine whether the proposed class should be notified of the action, and that conditional certification requires finding "plaintiffs make substantial allegations that the putative class members were subject to a single illegal policy, plan or decision." *Murillo v. Pacific Gas & Elec. Co.*, 2010 WL 2889728 * 2 (C.D. Cal. 2010) (internal marks and citation omitted). The second part usually occurs after discovery is complete, at which time the defendants may move to decertify the class. *Id.*

On September 24, 2010, the Court preliminarily approved collective and class certification, finding the prerequisites under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216 were met. [Doc. No. 21.] The parties did not raise, and the Court has not found, any indication or changes that would affect the Court's conclusion that certification is warranted.

The Court finds the numerosity requirement met, as 452 California class members were ultimately identified, and 943 National class members identified. Numerosity requires the class be so numerous that joinder of individual class members would be impracticable. FED. R. CIV. P. 23(a)(1). These high numbers suggest finding the numerosity factor has been satisfied. *See*, *Jordan v. L.A. County*, 669 F.2d 1311, 1319 (9th Cir.1982) (finding class sizes of 39, 64, and 74 sufficient to satisfy the numerosity requirement), *vacated on other grounds*, 459 U.S. 810 (1982).

Absent settlement, resolution of this case turns on common questions such as whether Defendant improperly classified its employees as exempt under California and federal law from overtime and other wage and hour requirements; whether Defendant failed to keep accurate wage and hour records; whether Defendant failed to provide requisite meal and rest periods; and whether Defendant did not make timely wage payments to departing employees.

Similar to the purported class members, Plaintiff Wietzke's claims are typical of those similarly situated to him because his claims seek overtime compensation and other relief allegedly owed to him due to his capacity as a Research Associate.

As to the requirement that the named representative fairly and adequately protects the interests of the class, class counsel asserts that they have extensive class action litigation experience, and have been involved as class counsel in over two hundred class action matters. Class counsel's resume indicates significant experience in handling class actions in general, and experience in handling specifically employment and labor disputes.

In determining whether questions of law or fact common to class members predominate, the need to determine whether Defendant categorically misclassified Research Associates as exempt is common to all class members. As Defendant contends that Research Associates conduct certain duties that meet the qualifications for the administrative exemption, common questions of law and fact predominate in this action. Finally, class action is the superior method, particularly in light of the proposed settlement between the parties and that no one has objected to the settlement in this case.

With respect to finding certification is proper as a collective action for the National Settlement Class, the National Settlement Class Members are similarly situated because Plaintiff alleges the class members were subject to a single illegal policy of uniformly designating them as exempt from overtime compensation and other benefits in violation of the Fair Labor Standards Act. 29 U.S.C. § 201, *et seq*. As this case settled prior to the discovery stage of the proceedings, the second part of the "similarly situated" inquiry is not applicable to the Court's analysis. *See*, *Murillo v. Pacific Gas & Elec. Co.*, 266 F.R.D. 468, 471 (E.D. Cal. 2010).

b. *Determination of Whether the Proposed Settlement is Fair, Reasonable, and Adequate*

To determine whether a proposed settlement is "fair, reasonable, and adequate" under Rule 23(e), courts may consider factors such as: (1) the strength of the case; (2) the risk, expense, complexity, and likely duration of further litigation (3) the risk of maintaining class action status throughout the trial; (4) the settlement amount; (5) the extent of discovery completed and the stage of the proceedings; (6) whether the class has been fairly and adequately represented during settlement negotiations; and (7) the reaction of the class to the proposed settlement. *See Churchill*

*Village v. General Electric*, 361 F3d 566, 575 (9th Cir. 2004), *citing Hanlon v. Chrysler Corp*, 150 F3d 1011, 1026 (9th Cir. 1998).

### *(1) The strength of the plaintiff's case*

Plaintiff, although confident in his allegations, notes several risks and weaknesses in his case. Plaintiff's position is that he and other Research Associates were misclassified as "exempt" employees. Plaintiff acknowledges Defendant's argument that the employees meet the qualifications for the administrative exemption under applicable regulations. Defendant maintained its position that pertinent regulations specify that research and associated quality control tasks are exempt in nature; therefore, Plaintiff's claims for overtime pay and other misclassification remedies are unfounded.

Another weakness Plaintiff acknowledges is Defendant's argument that even if Research Associates did not qualify as exempt employees, Research Associates do not work overtime and were clearly provided with statutorily-required meal and rest periods. Defendant collected and presented credible records and dozens of class member declarations confirming these facts. Defendant argued that even if they could establish liability, Plaintiff and the classes had no meaningful damages. In light of the recognized weaknesses in Plaintiff's case, this factor weighs in favor of settlement.

### *(2) The risk, expense, complexity and likely duration of further litigation*

Further litigation would not serve the interests of the class members because the delay, uncertainty, and litigation costs associated with such efforts would likely be significant. The parties contend that further litigation would delay the eventual payments to class members, thereby extending the duration of litigation. This factor weighs in favor of settlement.

### (3) *The risk of maintaining class action status throughout the trial*

Although the parties do not provide whether there are any risks of maintaining the class action status, the Court is not required to consider this factor for settlement purposes. *See*, *In re Veritas Software Corp. Sec. Litig.,* 2005 WL 3096079, at *5 (N.D. Cal. Nov.15, 2005) (favoring neither approval nor disapproval of settlement where the court was "unaware of any risk involved

in maintaining class action status"), *aff'd in relevant part*, 496 F.3d 962 (9th Cir. 2007).

### *(4) The settlement amount*

The nature of the claims was thoroughly explained to class members via the distributed notices, which provided information as to how each class member's claim would be calculated and valued. The parties assert that the class reaction, *i.e.* the number of claims submitted, strongly suggests that the settlement amount properly accounts for the strength of the claims. The Court agrees. As the settlement sums received by participating claimants will represent a payment in settlement of claims for unpaid wages and associated remedies over the course of the relevant class period, the Court concludes that class members' recovery appears comparable to their injuries, and is fair and reasonable in light of the risks and costs of further litigation in this case. *See Murillo*, 266 F.R.D. at 480.

### *(5) The extent of discovery completed and the stage of the proceedings*

The parties entered into settlement negotiations shortly after Defendant answered and filed a counterclaim; thus the parties were in the early stages of the litigations proceedings. Generally, a settlement that occurs in more advanced stages of proceedings, such as after discovery has occurred, suggests the parties have a better understanding of the strengths and weaknesses of their case. *Compare Alberto v. GMRI,* 2008 WL 4891201 *9 (2008) (arriving at settlement very early in action, while not essential to settlement of class action, weighs against settlement of the case), *with Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (factor weighed in favor of approving settlement where parties had conducted extensive discovery and completed a round of summary judgment motions).

Although the parties did not engage in discovery, the settlement was reached with the assistance of David Rotman, Esq., a respected mediator who specializes in mediating wage and hour class action disputes. The parties achieved resolution of their disputes following significant information exchange and investigation by experienced counsel who had litigated similar claims in the past within the same industry, and was the product of hard-fought adversarial negotiations. Notwithstanding the parties' significant information exchange, this factor still tends to weigh

against settlement because it was reached at an early stage of the proceedings prior to discovery. *See*, *Alberto,* 2008 WL 4891201 at *9.

>  *(6) Whether the class has been fairly and adequately represented during settlement negotiations*

Class counsel has significant experience in both the substance of wage and hour claims, as well as the procedures for class and collective actions. They respectfully suggest that their support of the settlement should be accorded significant consideration. The Court agrees. *Nat'l Rural Telcomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation. This is because parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation") (internal quotation marks and citations omitted).

>  *(7) The reaction of the class to the proposed settlement*

The Ninth Circuit has held that the number of class members who object to a proposed settlement is a factor to be considered. *Mandujano v. Basic Vegetable Prods. Inc.*, 541 F.2d 832, 837 (9th Cir. 1976). In this case, no California Class Members objected to the settlement agreement. Only four California Class Members have elected to opt out. Also, no National Class Members have objected to the settlement. The Court finds this factor weighs in favor of settlement.

Having carefully considered the above factors, the Court **GRANTS** the parties' motion for final approval of the settlement agreement.

II.  Attorneys' Fees and Litigation Expenses

>  a.  Attorneys' Fees

Class counsel has submitted a request for award of attorneys' fees equal to twenty-five percent of the value of the settlement, in an amount of $200,000. Defendant has stipulated to not oppose the requested award.

Rule 23(h) of the Federal Rules of Civil Procedure provides that, "[i]n a certified class

action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." FED. R. CIV. P. 23(h).  Under the FLSA, an award of attorneys' fees and court costs is mandatory. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"). In determining whether a particular benchmark award is appropriate, courts assess "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *In re Omnivision Technologies, Inc.*, 2007 WL 4293467 *9 (N.D. Cal. 2007), citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).

### *(1) The results achieved*

"The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award." *Omnivision*, 2007 WL 4293467 at *9. Class counsel reasonably contends, and this Court agrees, that the absence of any objection to the result achieved is indicative of its approval. Also the Court finds that class counsel has achieved a favorable result when viewed in light of Defendant's strong arguments and defenses.

### *(2) The risk of litigation*

"The risk that further litigation might result in Plaintiffs not recovering at all, particularly a case involving complicated legal issues, is a significant factor in the award of fees." *Omnivision*, 2007 WL 4293467 at *9. Here, Defendant's defenses created significant legal issues for class counsel to overcome. The Court finds there was a risk that Plaintiff might not have been able to obtain class certification, as Defendant stated that class certification would be vigorously opposed.

### *(3) The skill required and the quality of work*

Class counsel has expertise in wage and hour class action litigation. Also, class counsel contends that the settlement was possible only because they were able to convince Defendant that Plaintiff could potentially prevail on the difficult legal issues regarding overtime compensation,

achieve class certification, overcome difficulties in proof as to monetary relief, and take the case to trial if need be. (Blumenthal Decl. ¶ 6.)

> *(4) The contingent nature of the fee and the financial burden carried by the plaintiffs*

Class counsel was retained on a contingency fee basis. The Court finds that attorneys' fees in this case were risky due to the complexity of Defendant's arguments and defenses. Thus, there was a viable chance that class counsel could have received nothing at all for their efforts, time, and advanced costs.

> *(5) Awards made in similar cases*

A review of similar cases involving overtime class actions, where fee requests of twenty-five percent or more were routinely awarded, indicates that the requested fee award in this case is reasonable in light of the similarity of awards made in other cases. *See e.g., Barcia v. Contain-A-Way, Inc.*, 2009 WL 587844 *6 (S.D. Cal. Mar. 6 2009).

In light of the aforementioned reasons, the Court **GRANTS** class counsel's request for attorneys' fees, and finds that the amount of twenty-five percent of the value of the settlement amount is appropriate.

b. Litigation Costs

The parties agreed class counsel would be entitled to recoup up to $15,000 for their reasonable litigations costs and expenses. Class counsel requests reimbursement for costs in an amount of $11,697.29.

Reimbursement of taxable costs is governed by 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54. In assessing the reasonableness of the reimbursement request, the Court is "reminded that it is generally not the practice of an attorney to bill a client for every expense incurred in connection with the litigation in question," and "[t]he attorney is expected to absorb some of the cost of doing business as an attorney . . . ." *In re Immune Response Securities Litigation*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007), *quoting In re Media Vision Tech. Sec. Litig.*, 913 F. Supp.1362, 1366 (N.D. Cal.1996). Such an award of expenses should be limited to

typical out-of-pocket expenses that are charged to a fee paying client and should be reasonable and necessary. *See id.; Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).

A review of the litigation costs indicates the expenses primarily involve the costs incurred for mediation, amounts paid for court filing fees, document copying fees, legal research charges, travel expenses, and delivery charges. The Court finds such costs were reasonably incurred in the prosecution of this matter, and are of the type that are normally billed to and paid for by the client. *In re Immune Response Securities Litigation*, 497 F. Supp. 2d at 1177. Additionally, in light of class counsel's supplemental affidavit, the Court concludes the expert witness fees for preparing the damages analysis were crucial and indispensable for use in ultimately obtaining settlement. *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. at 1366 (quoting *United States v. City of Twin Falls, Idaho*, 806 F.2d 862, 864 (9th Cir. 1986) (overruled on other grounds).

Accordingly, the Court **GRANTS** Plaintiff's request for costs in an amount of $11,697.29.

III.    Enhancement Award

In evaluating the enhancement award to a class representative, a court should consider all "relevant factors including the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation[,] . . . and reasonable fears of workplace retaliation." *Staton*, 327 F.3d at 977 (internal marks and citation omitted).

Here, Plaintiff provided valuable information and documents from his employment at Costar, which was instrumental in class counsel's understanding of the case. Plaintiff put class counsel in contact with other class members in an effort to gather evidence for use at mediation and certification. Plaintiff also responded to numerous requests and correspondence from class counsel. Finally, Plaintiff was involved in the settlement negotiations, which ultimately resulted in the settlement benefitting the class. (Blumenthal Decl. ¶ 9.) Plaintiff also contends he assumed the risk, among other things, that he might possibly be liable for costs incurred in connection with this case. As Plaintiff's request provides details of the specific acts Plaintiff undertook as class representative in performing his duties, the enhancement award request is appropriate.

Accordingly, the Court **GRANTS** the request for an enhancement award in the amount of $5,000 to Class Representative Plaintiff Matthew Wietzke.

## CONCLUSION

Having conducted the requisite inquiry pursuant to Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b), the Court finds that all parties in good faith stipulate to the proposed settlement of this class and collective action. Accordingly, the Court **GRANTS** the parties' request, and **APPROVES** the Stipulation regarding settlement, including an award of attorney fees for class counsel in the amount of $200,000, allowable litigation costs and expenses of $11,697.29, and an enhancement award of $5,000.00 to the named Plaintiff. The Court shall enter a separate Judgement, as provided in the Stipulation.

**IT IS SO ORDERED.**

DATED: March 2, 2011

*[signature]*

Hon. Michael M. Anello
United States District Judge